No. 42041.—Protest 963343-G of Irving W. Rice & Co. (New York).

Opinion by DALLINGER, J. Mounted glass bottles stipulated to be articles of hollow ware were held dutiable at 40 percent under paragraph 339. *Viking Trading Co.* v. *United States* (C. D. 132) cited.

No. 42042.—Protests.759410–G, etc., of F. W. Woolworth Co. (Philadelphia).

Opinion by DALLINGER, J. In accordance with stipulation of counsel, bridge table pencil holders were held dutiable at 40 percent under paragraph 339 and photo frames and bridge table pencil holders plated with silver were held dutiable at 50 percent under the same paragraph. *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) cited.

No. 42043.—Protests 572482–G, etc., of Henry Kayser & Fils, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise consists of spoons, trays, bookends, jardinieres, fire screens, flower stands, pots, watering cans, fruit holders, and inkwells chiefly used on the table, in the kitchen or household for utilitarian purposes. The claim at 40 percent under paragraph 339 was sustained. *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445) and *Dow* v. *United States* (id. 282, T. D. 46816) cited.

No. 42044.—Petition 5746–R of Ernest S. Freudenheim (Buffalo).

Opinion by DALLINGER, J. Being satisfied that the entry was made without any intention to defraud the revenue of the United States, to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise, the court granted the petition.

BEFORE THE SECOND DIVISION, SEPTEMBER 1, 1939

No. 42045.—Protests 836102-G, etc., of F. W. Jaeger et al. (Boston).

Opinion by TILSON, J. It was found that the merchandise is composed of 35 percent protein and 65 percent raw silk and is used by surgeons for sewing up wounds. Under the decision in *United States* v. *Barham* (26 C. C. P. A. 83, T. D. 49614) it was held that this merchandise is not "Sewing silk, twist, floss, and silk threads or yarns of any description, made from raw silk," but was properly classified as a manufacture of silk under paragraph 211. On the record presented the protests were overruled.